UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

JASON OLIVER,

          Plaintiff,

     -against-

THE CITY OF NEW YORK (CITY); THE NEW YORK
CITY POLICE DEPARTMENT (NYPD); in his official
capacity as then NEW YORK CITY POLICE OFFICER
JERRY BOWENS,

          Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

25-CV-1339 (LDH) (VMS)

**JURY TRIAL DEMANDED**

   Defendant City of New York,[1] by its attorney, Muriel Goode-Trufant, Corporation Counsel

of the City of New York, as and for its Answer to Plaintiff's Complaint, filed March 8, 2025 as

Docket Entry No. 1, respectfully responds as follows:

   1.  Denies the allegations set forth in paragraph "1" of the Complaint, except admits

that Plaintiff purports to proceed as stated therein.

   2.  Denies the allegations set forth in paragraph "2" of the Complaint, except admits

that Plaintiff purports to seek relief as stated therein.

   3.  Denies the allegations set forth in paragraph "3" of the Complaint.

   4.  Denies the allegations set forth in paragraph "4" of the Complaint, except admits

that Plaintiff purports to proceed as stated therein.

---

[1] The NYPD is not a proper party to this litigation pursuant to City law, and should therefore be dismissed from this case. *See, e.g., Urena v. City of New York*, 2024 U.S. Dist. LEXIS 87081, at *2 (S.D.N.Y. May 13, 2024) (noting that the NYPD is a non-suable entity because "'[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law'") (quoting NYC Charter ch. 17, § 396).

1

5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff purports to invoke jurisdiction and lay venue as stated therein.

6.      States that the allegations set forth in paragraph "6" of the Complaint are not averments of fact which require a response.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Denies the allegations set forth in paragraph "8" of the Complaint, except admits that that the City of New York is a municipal corporation organized under the laws of the State of New York.

9.      Denies the allegations set forth in paragraph "9" of the Complaint and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD").

10.      Denies the allegations set forth in paragraph "10" of the Complaint, except admits that on or about October 16, 2003, Defendant Jerry Bowens was employed by the NYPD.

11.      Denies the allegations set forth in paragraph "11" of the Complaint.

12.      Denies the allegations set forth in paragraph "12" of the Complaint.

13.      Denies the allegations set forth in paragraph "13" of the Complaint.

14.      Denies the allegations set forth in paragraph "14" of the Complaint.

15.      Denies knowledge or information to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admits that Plaintiff was arrested on October 16, 2023 for criminal possession of a weapon.

16.      Denies the allegations set forth in paragraph "16" of the Complaint.

17.      Denies the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint.

25.     Denies the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint, except admits that, on or about November 4, 2022, the criminal court vacated Plaintiff's underlying conviction and dismissed his indictment with prejudice.

28.     In response to the allegations set forth in paragraph "28" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the allegations set forth in paragraph "37" of the Complaint, except admits that, on or about November 4, 2022, the criminal court vacated Plaintiff's underlying conviction and dismissed his indictment.

38.     In response to the allegations set forth in paragraph "38" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein, and further denies the allegations set forth in paragraph "38" of the Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     In response to the allegations set forth in paragraph "44" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein

45.     States that paragraph "45" does not contain averments of fact which require a response.

46.     Denies the allegations set forth in paragraph "46" of the Complaint.

47.     Denies the allegations set forth in paragraph "47" of the Complaint.

48.     Denies the allegations set forth in paragraph "48" of the Complaint.

49.     Denies the allegations set forth in paragraph "49" of the Complaint.

50.     Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. In response to the allegations set forth in paragraph "56" of the Complaint, Defendant City repeats and realleges its responses in the preceding paragraphs as if fully set forth herein, and further denies the factual allegations in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint, as well as all its subparts.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

76. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

77. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendant City.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

78. Defendant City has not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant City violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

79. Punitive damages are not recoverable against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

80. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

81.     Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

82.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

83.     Plaintiff may have failed to mitigate damages.

## **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

84.     There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

**WHEREFORE,** defendant the City of New York hereby requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
             June 2, 2025

> MURIEL GOODE-TRUFANT
> *Corporation Counsel of the City of New York*
> *Attorney for the City of New York*
> 100 Church Street
> New York, New York 10007
> (212) 356-5052
>
> *Luca Difronzo /s*
> _____
> Luca Difronzo
> *Assistant Corporation Counsel*
> New York City Law Department
> 100 Church Street
> New York, NY 10007
> Tel.: 212-356-2354
> E-mail: ldifronz@law.nyc.gov

**CC: VIA ECF**
Rudy Velez
*Plaintiff's counsel of record*

**VIA POSTAL MAIL**
Jerry Bowens
Inmate No. 09A5598
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582
*Co-defendant*